**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMARI J. MOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-01852 (UNA) |
| | ) | |
| | ) | |
| BARBARA C. MOSES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  Upon review, the IFP Application is granted, and for the reasons explained below, and the Complaint and this case are dismissed without prejudice.

Plaintiff, a resident of Georgia, sues two federal judges of the U.S. District Court for the Southern District of New York.  *See* Compl. at 1, 3–4.  He challenges decisions made and actions taken by the Defendants in *Moody v. Starbucks Corporation*, Civil Action No. 1:25-cv-08739 (S.D.N.Y. Oct. 22, 2025), namely, multiple "false finding[s] of fact" in seven orders issued by those courts, *see* Compl. at 2, 7–16, 21, which he contends violated his First and Fifth Amendment rights under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and Title II of the Americans with Disabilities Act ("ADA"), *see* Compl. at 18–20. He seeks damages.  *See id*. at 20–21.

First, neither § 1983 nor the ADA apply to federal actors.  *See Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005) (§ 1983); *Ahmed v. Napoliano*, 825 F. Supp. 2d 112, 115 (D.D.C. 2011) (ADA).  Even if they were appliable, Plaintiff cannot ask this

Court, under any legal authority, to revisit actions taken by another federal court, because it bears no such jurisdiction. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Put differently, a federal court "cannot review decisions made by another District Judge," *Wiley v. Wilkins*, 671 F. App'x 807, 807 (D.C. Cir. 2016) (per curiam); *see* 28 U.S.C. §§ 1331–1332 (granting district courts original, not appellate, jurisdiction); *cf. El Bey v. United States*, 697 F. App'x 706, 707 (D.C. Cir. 2017) (per curiam).

Second, Defendants are immune from suit for actions taken in the performance of their duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of precedent has established that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not

overcome by allegations of bad faith or malice."). Despite Plaintiff's *ipse dixit* to the contrary, *see* Compl. at 2, 4–5, 19, the acts that he challenges are fundamentally judicial. And insofar as Plaintiff attempts to raise alleged judicial misconduct, he may not do so by filing a civil complaint, as there is no private right of action for same. *See Smith v. Krieger*, 389 F. App'x 789, 798 (10th Cir. 2010) (citing 28 U.S.C. §§ 351–364); *Torres v. U.S. Court of Appeals for Second Cir.*, No. 22-cv-2774, 2022 WL 2209149, at *3 (S.D.N.Y. June 21, 2022); *Ponton v. U.S. Court of Appeals*, No. 10-cv-2213, 2011 WL 1045035, at *3 (E.D. Pa. Mar. 22, 2011).

Finally, even if Plaintiff could overcome all of the above-noted defects, venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Here, both Defendants are located in New York, and all of the alleged wrongdoing giving rise to this case occurred there, as well. There is no connection between this matter and the District of Columbia.

Accordingly, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:   July 6, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge